UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOROTA VON MAACK,

                Plaintiff,

- against -

WYCKOFF HEIGHTS MEDICAL CENTER,

                Defendant.

**OPINION AND ORDER**

15 Civ. 3951 (ER)

Ramos, D.J.

    *Pro se* plaintiff Dorota Von Maack brings this action against Wyckoff Heights Medical Center ("Defendant"), alleging, *inter alia*, employment discrimination and civil rights violations. The Court dismissed Plaintiff's original complaint on June 21, 2016 (the "June 2016 Order"), granting leave to amend Plaintiff's Section 1981 claim and allegations supporting equitable tolling. Plaintiff subsequently filed an Amended Complaint ("Am. Compl.") on July 21, 2016. Before the Court is Defendant's motion to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is GRANTED.

**I.    Factual and Procedural History[1]**

    Plaintiff is a Queens, New York resident who has worked as a pharmacist for over fifteen years. Compl. at 1, 7. From November 15, 2004 to August 11, 2011, Plaintiff was employed by Defendant Wyckoff Heights Medical Center, a healthcare facility located in Brooklyn. *Id.* at 1 &

---

[1] The following facts, accepted as true for purposes of the instant motion, are based on Plaintiff's allegations in her Complaint ("Compl.") (Doc. 1), Am. Compl. (Doc. 27), and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Opp. Mem.") (Doc. 40). *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *Walker v. Schult*, 717 F.3d 119, 122 n. 1 (2d Cir. 2013) ("[a] district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.").

Ex. 6. Plaintiff brought the present action on May 22, 2015, alleging that Defendant discriminated against her in violation of a number of federal statutes, retaliated against her for complaining about her treatment and hazardous conditions in the pharmacy, and fired her unreasonably. Doc. 1. On September 30, 2015, Defendant moved to dismiss the Complaint. *See* Doc. 11. On June 21, 2016, the Court dismissed several of Plaintiff's claims as either time-barred or inadequately pleaded. However, the Court granted Plaintiff leave to replead facts supporting the equitable tolling of the statute of limitations of her Equal Pay Act ("EPA"), Family and Medical Leave Act ("FMLA"), and Employee Retirement Income Security Act ("ERISA") claims. Doc. 26 (the "June 2016 Order") at 24–25. The Court also granted Plaintiff leave to replead her Section 1981 on the basis of racial discrimination. *Id*. at 28, 30.

The Court presumes familiarity with its June 2016 Order, which details the facts and procedural history of this case, and discusses here only those facts necessary for its disposition of the instant motion. Plaintiff's Amended Complaint incorporates by reference the claims and factual allegations contained in the Complaint. Am. Compl. at 1.

In her Amended Complaint, Plaintiff alleges that she is entitled to equitable tolling because her attorney withdrew her administrative complaints with the Occupational Safety and Health Administration ("OSHA"), the New York State Division of Human Rights ("NYSDHR"), and the Equal Employment Opportunity Commission ("EEOC"), and entered into a "secret settlement" with Defendant. Am. Compl. at 22–25. In support of her allegations of a secret settlement, Plaintiff alleges that she visited OSHA in April 2014 and an OSHA investigator told her that her attorney had settled her claims with Defendant. *Id*. at 25. According to Plaintiff, she has never seen a settlement document and does not know the conditions of the alleged settlement. Compl. ¶ 72.

Plaintiff also contends that equitable tolling is appropriate in this case on account of her medical condition, specifically because she (1) suffered from three chronic lung diseases; (2) experienced extreme chemotherapy poisoning; (3) was bedridden; (4) suffered from gastric discomfort and pain; and (5) struggled with severe depression associated with the trauma of lost employment. Am. Compl. at 14–15.

In addition to repleading equitable tolling, Plaintiff raises new claims under Sections 1983, 1985, and 1986, as well as a *Bivens* action. *Id*. at 27–38. In support of her civil rights claims, Plaintiff claims that Defendant engaged in state action because (1) it is a healthcare facility that contracts with the State, (2) it was formed and operates pursuant to state law, (3) it uses state and federal funds, and (4) it is regulated by state and federal law. *Id*. at 29–30.

Plaintiff contends that Plaintiff violated Section 1983 by depriving her of a "workplace free of recognized health hazards." *Id*. at 31. Plaintiff's *Bivens* claim is directed at the arbitrator who conducted her dismissal arbitration. *Id*. She contends that the arbitrator is a "federal actor" because an "arbitrator's decision pursuant to the Federal Arbitration Act constitutes a federal action." *Id*. at 32. Plaintiff claims that the arbitrator violated her due process rights because "[he] had a business relationship with the defendant [t]hat perverted the hearing into [a] secret trial." *Id*. at 33.

In bringing her Section 1985 claim, Plaintiff claims that Defendant violated her rights by participating in various conspiracies: (1) a conspiracy with Plaintiff's attorney to execute a secret settlement without Plaintiff's knowledge or consent; (2) a conspiracy to discriminate, retaliate against, and terminate her; and (3) a conspiracy to violate Plaintiff's rights in her dismissal arbitration hearing. *Id*. at 36. In support of her Section 1986 claim, Plaintiff alleges that "administrative agencies and law enforcement knew firsthand and upfront of Wyckoff's

3

violations of the law reported to them." *Id*. at 37. Thus, it appears that Plaintiff's Section 1986 claim is directed at various administrative and law enforcement agencies, not Defendant.

II. **Legal Standard**

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). The court is not required to credit "mere conclusory statements" or "thread bare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also id.* at 681 (citing *Twombly*, 550 U.S. at 551). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 680.

The question in a Rule 12 motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 278 (2d Cir. 1995)) (internal quotation marks omitted). "[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) 'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding

its substantive merits,'" and without regard for the weight of the evidence that might be offered in support of Plaintiff's claims. *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)).

The same standard applies to motions to dismiss *pro se* complaints. *See Zapolski v. Fed. Republic of Germany*, 425 F. App'x 5, 6 (2d Cir. 2011). The Court remains obligated to construe a *pro se* complaint liberally, *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011), and to interpret a *pro se* plaintiff's claims as raising the strongest arguments that they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). "However, even *pro se* plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). A *pro se* plaintiff's pleadings still must contain "more than an unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal*, 566 U.S. at 678. A complaint that "tenders naked assertion[s] devoid of further enhancement" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted); *see also Triestman*, 470 F.3d at 477 ("[P]ro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Additionally, as the Second Circuit has noted, "[a] district court deciding a motion to dismiss *may* consider factual allegations made by a *pro se* party in his papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (emphasis added).

5

### III. Discussion

#### A. <u>Equitable Tolling</u>

In its June 2016 Order, the Court found that Plaintiff's EPA, FMLA, and ERISA claims were time-barred. Plaintiff argued that the Court should grant equitable tolling because her former attorney's "incompetence"—namely, the attorney's decision to close Plaintiff's charge with the NYSDHR and include only one state law claim in her July 22, 2013 State Court action against Defendant—stood in the way of her timely filing. Doc. 15 at 11–12. The Court held that, based on the facts as alleged at that time, it could not conclude that the attorney's conduct rose to the level of an extraordinary circumstance necessary to invoke equitable tolling. June 2016 Order at 24–25. However, the Court granted Plaintiff leave to replead facts supporting equitable tolling on the basis of serious attorney misconduct. *Id*.

Equitable tolling applies only in "rare and exceptional circumstance[s]." *A.Q.C. ex rel. Castillo v. U.S.*, 656 F.3d 135, 144 (2d Cir. 2011) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). Plaintiff "is entitled to equitable tolling of a statute of limitations only if [she] establishes two elements: (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Menominee Indian Tribe of Wisc. v. United States*, 136 S. Ct. 750, 755 (2016) (internal quotation marks and citations omitted); *see also Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 801 (2d Cir. 2014). The second element of this test is met only where the circumstances causing Plaintiff's delay "are both extraordinary *and* beyond [her] control." *Menominee*, 136 S. Ct. at 756. "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) (citing *Bolarinwa v. Williams*, 593 F.3d 226, 231–32 (2d Cir. 2010),

6

and *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). It is not sufficient for Plaintiff to show that she experienced extraordinary circumstances—she "must further demonstrate that those circumstances caused [her] to miss the original filing deadline." *Id.*

"Attorney error generally does not rise to the level of an 'extraordinary circumstance.'" *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015) (internal quotation marks and citation omitted). "[S]erious instances of attorney misconduct," however, may constitute "extraordinary circumstances" that warrant tolling of a statute of limitations. *Holland*, 560 U.S. at 651–52; *see also Baldayaque*, 338 F.3d at 152 ("[A]t some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary."). In her Amended Complaint, Plaintiff claims that she is entitled to equitable tolling because her attorney (1) withdrew complaints with OSHA, NYSDHR, and EEOC without informing her, and (2) entered into a "secret settlement" with Defendant. Am. Compl. at 21–26.

The Court finds that Plaintiff has once again failed to establish that her attorney's conduct rises to the level of an extraordinary circumstance justifying equitable tolling. At the outset, whether Plaintiff's attorney's decision to withdraw Plaintiff's administrative complaints constitutes "attorney error" is debatable. As the Amended Complaint suggests, Plaintiff's attorney withdrew the administrative complaints in order to pursue an action in state court. *See* Am. Compl. at 22 ("Only after the attorney withdrew my retaliatory complaint from OSHA . . . she was ready to submit the complaint to the Kings County Supreme Court . . . ."); *id.* at 23 ("The [letter from NYSDHR regarding withdrawal of complaint] reads in first line that 'The Division has received your request to dismiss your complaint and annul the election of remedies so that your Human Rights Law claim may be pursued in court.'"). Thus, Plaintiff's attorney's decision to abandon one avenue of relief in order to focus on an alternative course of action

7

seems to have been based on strategy. Even if the attorney's decision to abandon Plaintiff's administrative complaints was a mistake, the Court cannot conclude that it was an "outrageous" or "incompetent" one. As Defendant indicates, the Second Circuit has held that in order "to constitute an 'extraordinary circumstance,' . . . attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship." *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012). Plaintiff's attorney's arguably strategic decision to focus on Plaintiff's state action over her federal administrative claims is far from being the equivalent of "abandonment" of the attorney-client relationship.

Moreover, Plaintiff fails to allege a causal relationship between her attorney's conduct and the untimeliness of her claims. "A petitioner seeking equitable tolling must 'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'" *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). Plaintiff eventually filed this action *pro se.* Even if Plaintiff's attorney's decision to withdraw the OSHA and NYSDHR complaints constituted an extraordinary circumstance, Plaintiff has not demonstrated how that decision prevented her from bringing a timely *pro se* action or otherwise pursuing her claims on time.

Plaintiff's allegation of a secret settlement fails for similar reasons. At the outset, Plaintiff's allegation of a secret settlement is weak and unsupported by the facts. First, Plaintiff relies on the unsubstantiated hearsay statement of an OSHA investigator who told her that her attorney had settled her claims with Defendant. Am. Compl. at 25. She then contends that the fact that her attorney's case file "contained no trace of any settlement . . . *confirms* the fact that

8

[her] lawyer hid existence of the settlement from [her]." Pl.'s Opp'n. at 15 (emphasis added). Plaintiff's conclusion is highly conclusory and implausible. Moreover, even if Plaintiff's allegation of a secret settlement were somehow substantiated, she has failed to explain why that settlement prevented her from bringing an earlier *pro se* action or otherwise pursuing her claims.

Plaintiff also contends that the Court should apply equitable tolling on account of her medical condition. Plaintiff claims that she (1) suffered from "three deadly, incurable, and progressive lung diseases," (2) was "immobilized by severe chemotherapy poisoning" and was "almost bedridden" for over 7 months after her termination, (3) suffers from prolonged MAC infection, which Plaintiff describes as a "bacteria that affects individuals whose immune system is compromised," "causing constant gastric discomfort and pain, frequent trips to a toilet, etc.," and (4) was "struggling with severe depression associated with trauma of lost employment." Am. Compl. at 14. Plaintiff asserts that the "severity and duration" of her illnesses prevented her from acquiring a lawyer and that "at that time writing a *pro se* never crossed my mind." *Id*. at 15.

The Second Circuit has held that "equitable tolling may be appropriate where the plaintiff's failure to comply with the statute of limitations is attributable to the plaintiff's medical condition." *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir. 2000). In determining whether to allow tolling based on medical illness, a court must look for a "particularized description of how [plaintiff's] condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights[.]" *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000); *see also Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991) (highlighting that the question of whether a person is sufficiently disabled to justify tolling of a limitation period is highly case-specific). Particularly, a plaintiff's medical condition must be so severe as to impact the

9

plaintiff's function such that they are rendered unable to comprehend or pursue their legal rights. *See Brown*, 287 F.3d at 61.

The Court cannot conclude that Plaintiff's medical impairments were sufficiently severe to warrant equitable tolling. Plaintiff fails to allege any facts suggesting that her illnesses rendered her unable to comprehend her legal rights—she only alleges that her medical condition "disabled [her] from acquiring a lawyer" and that bringing a *pro se* action did not cross her mind. Am. Compl. at 15. Moreover, there is no indication that Plaintiff's illnesses prevented her from protecting or asserting her claims. A review of the record contradicts Plaintiff's threadbare assertion that it was "impossible or virtually impossible" to file a timely complaint: during the statute of limitations, Plaintiff filed six separate complaints against Defendant, acting either *pro se* or with legal representation. Therefore, the Court finds that equitable tolling is not appropriate based on Plaintiff's allegations of medical impairment.

Accordingly, Plaintiff has failed to sufficiently plead facts warranting the application of equitable tolling and her EPA, FMLA, and ERISA claims are dismissed as time-barred with prejudice.

**B. Section 1981 Claim**

In her original Complaint, Plaintiff alleged that while working for Defendant, she was subjected to ongoing discrimination based on her "immigration status" (as a naturalized, as opposed to natural-born, American citizen) and "national origin" (Polish) in violation of 42 U.S.C. § 1981. Compl. at 49–50, 52–53. The Court dismissed Plaintiff's Section 1981 claim because (1) Section 1981 does not reach discrimination on the basis of "national origin," (2) the Court had not identified, and Plaintiff had not submitted, any precedent in this Circuit establishing that Section 1981's prohibition of alienage discrimination extends to naturalized

U.S. citizens, and (3) even if Plaintiff's alienage claim were cognizable, Plaintiff had not properly alleged such a claim. June 2016 Order at 27.

In her opposition to Defendant's first motion to dismiss, Plaintiff claimed for the first time that her Section 1981 claim was actually one for *racial* discrimination, premised on her Polish "ethnicity." Doc. 15 at 8–15. Because these allegations were not included in the Complaint, the Court could not consider them in deciding Defendant's first motion to dismiss, but granted Plaintiff leave to amend the claim. June 2016 Order at 26–27. The Court left for another day the issue of whether, as Plaintiff argued, Polish-Americans should be recognized as a distinct ethnic group warranting protection under Section 1981. *Id*. at 27.

A plaintiff alleging a violation of Section 1981 must establish that: (1) he is a member of a racial minority group; (2) the defendant intended to discriminate against plaintiff on the basis of race; and (3) the discrimination concerned an activity enumerated in the statute, such as employment. *Johnson v. City of New York*, 669 F. Supp. 2d 444, 449 (S.D.N.Y. 2009). "In order to survive a motion to dismiss, the events of the intentional and purposeful discrimination, as well as the racial animus constituting the motivating factor for the defendant's actions must be specifically pleaded in the complaint." *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 296 (S.D.N.Y. 2011) (internal quotation marks and citations omitted).

In her Amended Complaint, Plaintiff again argues that she is "eligible for protection under [Section] 1981 not because of [her] Polish nationality but due to [her] distinctive ethnic characteristics or origins." Am. Compl. at 41–42. Even if the Court were to determine that Polish-Americans are a distinct ethnic group protected from discrimination under Section 1981, Plaintiff's claim fails because she does not allege *any* facts suggesting that she was subjected to discrimination *on account of* being Polish. According to Plaintiff, the following "evidence"

11

supports her claim of racial discrimination: (1) Defendant's human resources vice president and the vice president of the union are black, (2) her union contract was under the exclusive discretion of black people; (2) the union officers, who are all black, would not talk to her when they entered the hospital; (3) a union officer, who was black, once told her that she would "never do anything for [her];" and (4) her "team of black representatives [at her arbitration hearing]" did not convey to the arbitrator that she was a whistleblower. Am. Compl. at 38–40.

"In order to survive a motion to dismiss, Plaintiff's allegations must provide at least minimal support for the proposition that the employer was motivated by discriminatory intent." *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015). Here, Plaintiff contends that the fact that certain individuals are African American demonstrates that their "motivating factor was racial discrimination." Am. Compl., at 41. Such conclusory allegations of racially motivated animus are insufficient. *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713–714 (2d Cir. 1994) ("[Plaintiff] has offered no reason to suspect that his being found guilty of sexual harassment had anything to do with his race, other than his assertion that the panel members were white and that he is Bengali."). Accordingly, the Court dismisses Plaintiff's racial discrimination claim pursuant to Section 1981 with prejudice.

### C. Newly-Plead Claims

The Court granted Plaintiff leave to replead her discrimination claims arising under the EPA, FMLA, ERISA, and Section 1981. However, Plaintiff pleaded four new causes of action in the Amended Complaint, including claims arising under Section 1983, Section 1985, Section 1986, as well as a *Bivens* action. Am. Compl. Because Plaintiff did not have the right to assert new claims in the Amended Complaint, the Court may dismiss these actions with prejudice. *Pagan v. N.Y. State Div. of Parole*, No. 98 Civ. 5840 (FM), 2002 WL 398682, at *3 (S.D.N.Y.

2002) (dismissing with prejudice the new claims alleged by a *pro se* plaintiff in his amended complaint when the court's order granted plaintiff leave to replead only certain claims that were raised in his initial complaint). However, even affording Plaintiff leave to plead new claims in the Amended Complaint, the actions are either untimely, inadequately plead, or both.

### i. Section 1983 Claim

A Section 1983 action filed in New York is governed by a three-year limitations period. *Chris H. v. New York*, No. 16 Civ. 6807 (LGS), 2017 WL 2880848, at *4 (S.D.N.Y. 2017). The statute of limitations accrues when the "plaintiff knows or has reason to know of the injury giving rise to the claim." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015). Here, Plaintiff's allegations of discrimination by Defendant occurred prior to her termination of employment on August 11, 2011. Accordingly, Plaintiff was required to file her Section 1983 action by August 11, 2014 at the latest. Because Plaintiff did not commence the instant suit until May 22, 2015, and the Court has determined that equitable tolling is not appropriate, the Court dismisses her Section 1983 action as untimely.

### i. Bivens Claim

Plaintiff's *Bivens* claim is directed at the arbitrator who presided over her dismissal arbitration. Am. Compl. at 31–32. Because the arbitrator is not a party to this action, Plaintiff's *Bivens* claim is misdirected and is dismissed outright. Separately, notwithstanding Plaintiff's baseless assertion that "the arbitrator's decision pursuant to the Federal Arbitration Act constitutes a federal action," the arbitrator is not liable under *Bivens* because, under any set of facts, he was not a federal agent. *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("A plaintiff bringing a claim under *Bivens* must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority."). Furthermore, Plaintiff's claim

is untimely.  A *Bivens* action filed in New York State is subject to a three-year statute of limitations, *Chin v. Bowen*, 833 F.2d 21, 23-24 (2d Cir. 1987), which accrues when the "plaintiff either has knowledge of his or her claim or has enough information that a reasonable person would investigate and discover the existence of a claim." *Gonzalez v. Hasty*, 802 F.3d 212, 220-21 (2d Cir. 2015) (internal quotation marks and citation omitted).  The arbitration took place—and a decision was finalized—in April 2012.  Plaintiff filed the instant action on May 22, 2015, nearly one month after the expiration of the statute of limitations.  Accordingly, the Court dismisses Plaintiff's *Bivens* action as inadequately plead and as time-barred.

### ii. Section 1985 Claim

To state of a cause of action pursuant to Section 1985, a plaintiff must plead the following elements:  "(1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) (citing *Traggis v. St. Barbara's Greek Orthodox Church*, 851 F.2d 584, 586-87 (2d Cir. 1998).  An explicit agreement does not need to be shown to establish a conspiracy, but a plaintiff must "provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000).  Additionally, the conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993).

The Court finds that Plaintiff has failed to satisfy any of the requisite elements to establish a cognizable claim pursuant to Section 1985. Plaintiff alleges that Defendant conspired with state and federal agencies, private parties, her labor union, and her attorney to terminate her employment and to make a secret settlement for the purpose of depriving her of her rights. However, nowhere in the Amended Complaint does Plaintiff substantiate her claim with any factual allegations; she simply states that a conspiracy existed. Moreover, as explained above, Plaintiff's allegations of a secret settlement are unsubstantiated and implausible. "[A] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993) (quoting *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983)). Because Plaintiff does not allege any facts from which to infer the existence of a conspiracy, the Court dismisses Plaintiff's Section 1985 action as inadequately pleaded.

### iii. Section 1986 Claim

As an initial matter, a Section 1986 action must be predicated on a Section 1985 action. *Brown v. Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000) (holding that because Section 1986 provides a cause of action for failure to prevent a Section 1985 conspiracy, in the absence of a cognizable Section 1985 claim, there can be no Section 1986 action). Accordingly, courts have dismissed Section 1986 claims when a plaintiff has failed to sufficiently establish an underlying Section 1985 action. *JPMorgan Chase Bank, N.A. v. Hunter Group, Inc.,* 124 A.D.3d 727, 727 (App. Div. 2d Dep't 2015) (dismissing plaintiff's Section 1986 claim for failing to adequately plead a cognizable Section 1985 action). In the instant suit, Plaintiff has not established a plausible claim pursuant to Section 1985. Accordingly, the Court dismisses her Section 1986 action.

Furthermore, Plaintiff's Section 1986 claim is untimely. A Section 1986 action is subject to a one-year statute of limitations. *See* 42 U.S.C. § 1986. The limitations period runs when a plaintiff knew or had reason to know of her injury. *Paige v. Police Dept. of City of Schenectady*, 264 F.3d 197, 199 n. 2 (2d Cir. 2015). Plaintiff's Section 1986 action, therefore, began to accrue when she learned of an allegedly secret settlement between Defendant and her legal counsel in April 2014, the most recent "conspiracy" that Plaintiff alleges. Because Plaintiff did not file the instant suit until May 2015—one month after the expiration of the limitations period—her Section 1986 action is untimely. Accordingly, the Court dismisses her Section 1986 claim, with prejudice, as inadequately plead and time-barred.

### D. Leave to Amend

Defendant requests that the Court deny Plaintiff any further leave to amend her pleadings due to the untimely nature of her claims and repeated failure to cure pleading deficiencies. Doc. 38, at 27. Denying leave to amend is proper where the amendment would be futile or would result in undue prejudice to the opposing party. *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009). An amendment is considered futile where the plaintiff is unable to demonstrate that she would be able to cure the defects in a manner that would survive a motion to dismiss. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] cause of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

Here, this Court has already afforded Plaintiff the opportunity to amend her complaint. Given that Plaintiff has failed to cure the deficiencies of her Section 1981 claim, any attempt to replead that claim would be futile. Similarly, an attempt to replead Plaintiff's EPA, FMLA, ERISA, Section 1983, *Bivens*, and Section 1986 claims would be futile because they are

16

untimely and the Court has now twice determined that equitable tolling is not appropriate in this case. Given Plaintiff's inability to substantiate, on two occasions, her claims of a secret settlement, an attempt to replead Plaintiff's Section 1985 claim would also be futile. Accordingly, the Court denies Plaintiff's leave to amend, and the Amended Complaint will be dismissed with prejudice.

**IV.    Conclusion**

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's Amended Complaint is GRANTED and Plaintiff's Amended Complaint is dismissed with prejudice. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 36, to mail a copy of this Opinion and Order to Plaintiff, and to close the case.

It is SO ORDERED.

Dated:  September 8, 2017
            New York, New York

_____
Edgardo Ramos, U.S.D.J.